**In re Elena Hahn**

C.P. of Lawrence County, nos. 34 and 35 of 2008.

*Dennis W. McCurdy*, for petitioner.
*Jean Perkins*, for Children and Youth Services.
*David H. Acker*, for father.
*Robert DiBuono*, for mother.
*Deborah Shaw*, for children.

HODGE, *J.*, November 16, 2010—This case was before the court on November 9, 2010 on a motion to intervene filed on behalf of Kathryn Hahn, the maternal great-aunt of the minor children in the above listed actions. Kathryn Hahn (petitioner) asserts that she is an indispensable party to this action and is therefore permitted standing, pursuant to the Pennsylvania Rules of Civil Procedure, Rule 1133. Before addressing the legal issue of standing, the court finds it necessary to give a concise statement of the relevant factual background of this case.

The minor children, E.H. and A.H. were originally placed

in the petitioner's home on November 1, 2007. Children and Youth Services of Lawrence County removed the minor children from the custody of their natural parents, Krista Hahn and Kurt Fletcher, after the youngest child, E.H. was brought to Ellwood City Hospital on Wednesday, October 31, 2007. E.H. had been experiencing constant vomiting and stomach pains. E.H. was promptly transferred to Children's Hospital of Pittsburgh where she was found to have an intestinal transaction which required immediate surgery.

The Child Advocacy Center at Children's Hospital subsequently contacted Children and Youth Services of Lawrence County (CYS) due to concerns regarding the severity and nature of E.H.'s condition. The treating physicians believed that E.H.'s injuries were consistent with blunt force trauma to the abdomen and went untreated for a period of time exceeding twenty-four (24) hours. After investigating the allegations, CYS petitioned this court for temporary custody of E.H. and her older sister A.H.

A 72-hour dependency/disposition hearing took place, and the minor children were subsequently placed with the petitioner as a kinship care provider on November 1, 2007. The minor children remained in petitioner's care until September 27, 2010, when a dependency hearing took place in front of the Juvenile Master, Susan M. Papa. At the review hearing, the master determined that it was no longer in the children's best interest to remain in petitioner's care and that placing them with Sarah Babusci, their maternal aunt, would be a more suitable arrangement. A close review of the transcript from the dependency hearing indicated that there were serious concerns regarding petitioner's attachment to the minor children and her obstructive behavior to CYS' goal of eventually reunifying the minor children with their

natural father. Such adversarial behavior seemed to escalate as natural father began increased visitation, and resulted in the petitioner filing a complaint for custody in Butler County, Pennsylvania; said complaint was subsequently dismissed by the Honorable Judge Kelly Streib.

The recommendations of the master were adopted by order of this court dated October 7, 2010. The October 7, 2010 specifically provided that each child would be placed with their material aunt, Sarah Babusci, and that CYS would be vigilant in assuring that appropriate interaction between the minor children and other family members, including Kate Hahn, took place. The minor children would continue to have visitation with natural father every first and third Saturday of the month, as well as every second and fourth Sunday of the month.

The petitioner subsequently filed a motion to intervene, claiming to be an indispensable party to this action. A hearing on petitioner's motion to intervene was scheduled for the November 9, 2010, at which time this court heard argument from Dennis W. McCurdy, Esquire on behalf of Kathryn Hahn; Jean Perkins, Esquire, appearing and representing Lawrence County Children and Youth Services; David H. Acker, Esquire, appearing and representing the natural father, Kurt Fletch; Robert DiBuono, Esquire. appearing and representing natural mother, Krista Hahn; and with Deborah Shaw, Esquire, appearing and representing the minor children.

Petitioner cites Pennsylvania Rules Juvenile Procedure, Rule 1133 in support of her request to intervene in this dependency action. Rule 1133 along with the provided commentary expressly states:

A.   Contents. The motion to intervene shall include:

(1) the name and address of the person moving to intervene;

(2) the relationship of the intervening person to the child;

(3) the contact between the child and the intervening person;

(4)   the grounds on which intervention is sought; and

(5)   the request sought.

B.   Action by court. Upon the filing of a motion to intervene and a after a hearing, the court shall enter an order granting or denying the motion.

*Comment*: Under paragraph (B), a motion may be denied if, among other reasons, there are insufficient grounds for the motion, the interest of the movant is already adequately represented, the motion for intervention was unduly delayed, or the intervention will unduly delay or prejudice the adjudication of dependency or the rights of the parties. Pa.R.Juv.P. 1133.

Respondents, however, argue that petitioner lacks standing to intervene in this action as a foster parent, and that the best interest of the children is a determination that should be left to the court's discretion. In support of their argument, respondents cite section 6336.1 of the Juvenile act, which provides as follows:

(a)   General rule. The court shall direct the county agency or juvenile probation department to provide the child's foster parent, preadoptive parent or relative providing

care for the child with timely notice of the hearing. The court shall provide the child's foster parent, preadoptive parent or relative providing care for the child the right to be heard at any hearing under this chapter. Unless a foster parent, preadoptive parent or relative providing care for a child has been awarded legal custody pursuant to section 6357 (relating to rights and duties of legal custodian), *nothing in this section shall give the foster parent, preadoptive parent or relative providing care for the child legal standing in the matter being heard by the court.* 42 Pa.C.S.A. §6336.1 (emphasis added).

A review of the file makes it clear that at all times while petitioner was a foster parent for the minor children, she was given notice of the review hearings, and she had been afforded the opportunity to be heard at the hearings. It is equally clear that CYS maintained legal custody of the minor children since they were originally adjudicated dependant, and petitioner, therefore, provided care for the minor children under the authority and discretion of CYS.

Furthermore, the fact that CYS developed a permanency plan of adoption, concurrent with the primary plan of reunification, does confer upon petitioner an automatic right to intervene. *See Chester County Children and Youth Service v. Cunningham*, 636 A.2d 1157 (Pa. Super. 1994). Although CYS did establish a concurrent goal of adoption for the minor children, the primary objective has been to assist the natural father in establishing an appropriate parental relationship with the children so that he many obtain permanent custody in the future.

In any dependency proceedings, the ultimate objective is to establish a safe permanent environment that will ultimately

provide for the child's overall well being. *See In the Interest of C.B. and A.L.*, 861 A.2d 287, 294 (Pa.Super. 2004); *In re R.T.*, 778 A.2d 670, 678 (Pa Super. 2001). Natural father has been working towards completing each element of the family service plan established by CYS, and the court believes that these elements create an appropriate process through which natural father can eventually be permanently and safely reunited with the minor children. Petitioner, however, does not believe that CYS goal of reunification is in the children's best interest, and has petitioned this court for standing, so that she can ensure that the best interests of the children are adequately represented.

The Juvenile Act restricts attendance and participation in dependency proceedings. As such, dependency hearings are closed to the general public. 42 Pa.C.S.A. §6336(d); *In re L.J.*, 691 A.2d 520, 526 (Pa.Super. 1997). A person who is not a party to the dependency proceedings has no right to participate in a dependency proceeding. 42 Pa.C.S.A. §6338(a); *In re L.J.*, 691 A.2d at 526. The term "party" in dependency proceeding as generally been granted to three classes of persons: (1) the parents of the juvenile whose dependency status is at issue; (2) the legal custodian of the juvenile whose dependency status is at issue, or (3) the person whose care and control of the juvenile is in question. *In re J.P.*, 832 A.2d 492, 496 (Pa.Super.2003); *L.J.*, 691 A.2d at 526; *In re Manuel*, 566 A.2d 626, 628 (Pa.Super. 1989).

Petitioner's legal argument that she should be granted standing as an indispensable party to this action lacks merit. Rule 1133 of the Pennsylvania Rules of Juvenile Procedure is very general, and is interpreted as being directional in nature and does not expressly confer standing upon petitioner. While there is ample case law that provides that standing

must be conferred on an individual having a substantial, direct and immediate interest in the dependency proceeding, *see e.g; South Whitehall Township Police Serv. v. South Whitehall Township*, 555 A.2d 793 (Pa. 1989); *In re C.B.*, 861 A.2d 287, 295 (Pa.Super. 2004), there is also very specific statutory authority prohibiting this court from allowing petitioner to intervene as a foster parent or as a family care provider because she was never granted legal custody of the minor children. 42 Pa.C.S.A. §6336.1.

This court believes that petitioner has always wanted to provide and care for these two children in the best possible way. However, to the extent that her behavior has conflicted with the permanency goals for the children, there remains a disturbance to establishing a permanent and stable outcome for these minor children. The role assumed by petitioner, as foster parent, can be heart breaking. Petitioner cared for these children for an extensive period of time, and the court does not doubt that much of a foster parent's daily task of caring for children goes unacknowledged and underappreciated. In many cases it is inevitable that placement is not permanent, as the children are returned to their natural parents. Petitioner is very fortunate in the fact that she is a relative of these minor children, and she has the ability to maintain a relationship with them. However, the natural father must be afforded the opportunity to be reunified with the minor children. Allowing petitioner the right to intervene would not only be in direct conflict with the statutory provisions which set forth the process and procedure for dependency proceedings, but it would also conflict with the overall objective and goals for the minor children.

For the reasons set forth above, the court will enter the corresponding order, denying Kathryn Hahn motion to

intervene.

## ORDER OF COURT

And now, November 16, 2010, this matter being before the court on November 9, 2010 for argument on a motion to intervene filed on behalf of Kathryn Hahn, by and through her counsel, Dennis W. McCurdy, Esquire; and with Deborah Shaw, appearing and representing the minor children; Jean Perkins, appearing and representing Lawrence County Children and Youth Services; and the court being in receipt of a answer to the motion to intervene prepared by counsel for the natural father, David H. Acker, Esquire; it is hereby ordered and decreed as follows:

1. Kathryn Hahn's motion to intervene is hereby denied.

2. The prothonotary shall properly serve notice of this order upon counsel of record for the parties and any unrepresented party at their last known address as contained in the court's file.